IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CEDRIC DALE JOHNSON, # 159980, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv943-WHA |
| | ) | (WO) |
| CYNTHIA STEWART, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Cedric Dale Johnson ("Johnson"), an Alabama prisoner, purports to bring this petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2241.  *See* Doc. No. 1 at 1.  In his petition, Johnson challenges his conviction for second-degree assault and his life sentence as a habitual offender imposed in March 1992 by the Circuit Court of Montgomery County. For the reasons that follow, Johnson's petition should be denied under 28 U.S.C. § 2244(b)(3) and dismissed as a successive 28 U.S.C. § 2254 petition filed without the required appellate court authorization.

**II.   DISCUSSION**

Johnson challenges his state sentence, and he is in custody under the judgment of an Alabama court.  Therefore, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed under 28 U.S.C. § 2241.  *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004).  "A state prisoner cannot

evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787.  Accordingly, this court must apply the procedural restrictions applicable to § 2254 petitions to Johnson's petition.

This court's records reflect that in January 1997, Johnson filed a previous petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the second-degree assault conviction and life sentence entered against him by the Circuit Court of Montgomery County. *See Johnson v. Thompson, et al.*, Civil Action No. 2:97cv23-MHT (M.D. Ala. 1997), Doc. No. 1.  On October 22, 1997, this court denied Johnson's § 2254 petition with prejudice, finding his claims entitled him to no relief.  *Id.*, Doc. Nos. 12 and 14.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1]  28 U.S.C.

----

[1] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(continued...)

§ 2244(b)(3)(B) & (C).

Johnson has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Johnson] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief."  *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily

---

[1](...continued)
28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

   (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

   (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

dismissed.  *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for writ of habeas corpus filed by Johnson be DENIED.

2.  This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3), because Johnson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **January 15, 2016**.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 30th day of December, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE